UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------

REBECCA DUFFY,

Plaintiff,

-v-

AMAZON.COM SALES, INC., AMAZON.COM, INC.,
AND AMAZON.COM.CA, INC.

Defendants.

------------------------------------------------------------------

**COMPLAINT**
**JURY TRIAL DEMANDED**

**Case No.:**

5:25-cv-300 (FJS/MJK)

Plaintiff, Rebeccas Duffy, by and through her undersigned attorneys, Stanley Law Offices, LLP, stating upon information complaining of the Defendants and allege as follows that:

## *THE PARTIES*

1. That at all times herein mentioned, Plaintiff Rebecca Duffy was and still is an individual, residing at 3114 Seneca Turnpike, Canastota, New York.

2. Upon information and belief, that at all times herein mentioned, Defendants Amazon.com sales, inc., Amazon.com, inc., and Amazon.com.ca, Inc is a foreign corporation with principal executive offices in 410 Terry Avenue North Seattle, WA 98109

3. Upon information and belief, that at all times herein mentioned, Defendants are corporations authorized to sell their products in the State of New York.

## *JURSIDICTION AND VENUE*

4. The Plaintiff is a citizen of the State of New York.

5. The Defendants are a corporation with their main address located in Seattle, Washington.

6. The Plaintiff is claiming a grave injury, burns, permanent and permanent loss of use and the amount of the controversy exceeds $75,000.

7.   Pursuant to 28U.S.C. S 1332 the United States District Court has original jurisdiction.

8.   The venue is proper as the United State District Court for the Northern District of New York includes Madison County, New York, where the Plaintiff resides.

### *FACTUAL BACKGROUND*

9.   Upon information and belief, Plaintiff purchased a pair of gloves from Amazon.com Velazzio Thermo1 Battery Heated gloves through a third-party seller.

10.   Upon information and belief, that at all times herein mentioned, the Defendants marketed that the gloves would be fit for their ordinary and intended particular use.

11.   Defendants owed a duty to, inspect, test and distribute the gloves in a careful manner such that it was not unreasonably dangerous to persons or property.

12.   Upon information and belief, Defendants were aware that it was common for users in the industry to use these gloves in cold climates to provide warmth to the hands and fingers.

13.   Defendants did not warn users of the hazards and dangers of using the gloves for even for short periods of time, that the gloves could quickly exceed recommended safe temperatures and that the gloves had a hot spot near the circuit board, temperature control.

14.   The Defendants failed to provide warning labels on the gloves indicating that they heat to temperatures that exceed those safe for the skin, failed to warn of the potential hot spot and failed to correct the condition even though they were on actual notice and/or constructive notice of the same.

15.   Upon information and belief Defendants marketed, sold, and distributed said gloves as being intended to be used by purchasers in cold climates, for extended periods of time and for snowmobiling.

16. Upon information and belief Defendants failed to place warnings in the paperwork that came with the gloves indicating that the gloves could exceed safe temperatures or that the gloves had a potential hot spot.

17. Upon information and belief, that at all times herein mentioned, that on or about March 13, 2022, Plaintiff was wearing the gloves while snowmobiling when the left glove exceeded appropriate temperatures and caused severe burns to the Plaintiff's left hand resulting in permanent scarring as well as a permanent loss of use. After the incident Plaintiff was informed by the Defendant, they were aware that there could be a hot spot in the gloves.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANT'S NEGLIGENCE

18. Plaintiff restates and re-alleges each and every allegation contained in paragraphs marked and enumerated "1" – "17" as if hereinafter set forth in full, and further alleges:

19. That on or about March 13, 2022, Plaintiff was wearing the aforementioned gloves when the left glove exceeded safe temperatures and caused burns to her left hand.

20. That Plaintiff was negligent in no manner and no action or omission on Plaintiff's part caused, nor was he responsible for her injuries.

21. That upon information and belief the Defendants placed the gloves into the stream of commerce.

22. That at all times relevant to this action, Defendants had a duty to exercise reasonable care, and to comply with the existing standards of care, in their preparation, design, research, development, manufacture, inspection, labeling, marketing, promotion and sale of the gloves which Defendants entered into the stream of commerce, including a duty to ensure that users would not suffer from unreasonable, and dangerous risks.

23. Based on what the Defendants knew or reasonably should have known as described

above, the Defendants were negligent.

24.    Upon information and belief, the Defendants its agents, servants and/or employees were negligent in the design, manufacturing, and warnings of the gloves and otherwise failing to use reasonable and ordinary due care under the circumstance. Defendants knew or should have known of the hot spot that existed near the circuit board/temperature button on these gloves, corrected and or warned of the same. That the gloves could exceed safe temperatures and warned of the same. Defendants are liable pursuant to the doctrine of res ipsa loquitur.  As a result of the foregoing negligence, Plaintiff, was caused to sustain a grave injury through no fault or carelessness of her own, but due wholly and solely to the acts and/ or omissions which constituted the negligence of the Defendants its agents, servants, and/or the defective design and manufacture of the gloves, and in otherwise being negligent.

25.    The product defects alleged above were a substantial contributing cause of the injuries and damages suffered by the Plaintiff.

26.    Had the Defendants not been negligent as described above, the Plaintiff would not have sustained serious injuries as described above.

27.    That by reason of the foregoing, Plaintiff, Rebecca Duffy, was caused to sustain a grave injury and to have suffered pain, shock and mental anguish; that these injuries  requiring surgery, treatment and therapies and their effects will be permanent including burns on her left hand; and as a result of said injury Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention;  a loss of earnings and, as a further result Plaintiff  was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

28.    By reason of the foregoing, Plaintiff has been damaged in the amount of Two Million

Dollars in compensatory damages, plus interest, costs and attorney's fee.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE
## DEFENDANTS DEFECTIVE DESIGN AND MANUFACTURE

29. The Plaintiff restates and realleged each and every allegation contained in paragraphs "1" through "28", as if fully set forth herein and further alleges that:

30. Plaintiff was in the class of people that the Defendants should reasonably foresee as being subject to the harm caused by the defectively designed/manufactured gloves in so far as Plaintiff was the type of person from whom the gloves were intended for use.

31. Defendants who were engaged in the business of selling the products, manufactured and supplied the gloves and placed it into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the product.

32. The gloves supplied to Plaintiff were defective in design and formulation and unreasonable dangerous when they left the hands of Defendants, the manufacturers and suppliers and they reached the user and consumer of the product, Plaintiff, without substantial alteration in the condition in which it was sold.

33. The gloves marketed, and distributed by the Defendants were unreasonable and dangerously defective beyond the extent contemplated by ordinary people and with ordinary knowledge regarding these products.

34. That upon information and belief, the gloves were defective and unreasonably dangerous in that they were not properly designed, or the product manufactured and distributed differed from the manufacturer's intended results. Such defect included but is not limited to the Defendants being aware that the gloves had a potential hot spot located near the circuit board which could be dangerous to users, the defendant failed to provide properly conductive components, the defendant

was aware that the gloves could exceed safe temperatures, the defendant failed to include appropriate safety measures in the design including appropriate temperature controls and appropriate temperature safety mechanisms.

35. Theses product defects were a substantial contributing cause of the injuries sustained by Plaintiff.

36. That by reason of the foregoing failure to properly design, properly label, provide adequate instructions and warn, Plaintiff was caused to sustain a grave injury and to have suffered pain, shock and mental anguish; that these injuries requiring surgery, treatment and therapies and their effects will be permanent including burns on her left hand, scarring and loss of use; and as a result of said injury Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention;  a loss of earnings and, as a further result Plaintiff  was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

37. By reason of the foregoing, Plaintiff has been damaged in the amount of Two Million Dollars in compensatory damages, plus interest, costs and attorney's fee.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE
DEFENDANTS FAILURE TO WARN**

38. The Plaintiff restates and realleged each and every allegation contained in paragraphs "1" through "37", as if fully set forth herein and further alleges that:

39. Defendants placed it into the stream of commerce in a defective and unreasonably dangerous condition such that foreseeable risks exceeded the benefits associated with the design and or formulation of the product.

40. Defendants knew or should have known gloves were defective due to inadequate warnings in failing to provide users warnings that the gloves could exceed appropriate temperatures, that the

gloves should be worn for limited periods of time, that the gloves had a potential hot spot near the circuit board.

41. The lack of warnings in the instruction manuals and the gloves themselves were substantial factors in bringing about the injuries of the Plaintiff.

42. That by reason of the foregoing failure to properly design in properly labeling, and providing adequate instructions and warnings, Plaintiff was caused to sustain a grave injury and to have suffered pain, shock and mental anguish; that these injuries required surgery, treatment and therapies and their effects will be permanent including burns, scarring and loss of use of her left hand; and as a result of said injury Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; a loss of earnings and, as a further result Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

43. By reason of the foregoing, Plaintiff has been damaged in the amount of Two Million Dollars in compensatory damages, plus interest, costs and attorney's fee.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THE DEFENDANTS FOR BREACH OF WARANTY

44.     The Plaintiff restates and realleges each and every allegation contained in paragraphs "1" through "43", as if fully set forth herein and further alleges that:

45.     On February 21, 2021, the defendants sold and delivered Velazzio Thermo 1 Heated Gloves to the Plaintiff located in the County of Madison, State of New York for the sum of $92.99.

46.     As part of the contract of sale the defendants, in consideration of the same, then and there represented and warrantied the property to be fit for use, did not have any design defects, did not have any manufacturing defects and did not have improper warnings.

47.    At all times mentioned in this complaint, the defendants breached the express and implied warranties of merchantability and fitness for the subject product for its intended use. Defendants expressly warrantied that the gloves were safe to use, had been manufactured safely and were proper to use by purchasers.  Defendants impliedly warranted that the gloves were safe to use and manufactured properly.

48.    Plaintiff's injuries and damages were a direct and proximate result of the failure of the subject product to perform as intended.

49.    Relying on the warranties, Plaintiff used the gloves in accordance with their intended use.

50.    Defendants breached the express and implied warranties.

51.    As a result of the foregoing, the plaintiff suffered severe burns, medical expenses, pain and suffering, loss of use, and lost wages for which now plaintiff seeks judgment against the defendants.

52.    By reason of the foregoing, Plaintiff has been damaged in the amount of Two Million Dollars in compensatory damages, plus interest, costs and attorney's fee.

Dated: March 6, 2025

Yours, etc.,

Thomas Welch, Esq.
Bar Roll No. 509781
**STANLEY LAW OFFICES**
Attorneys for Plaintiff
215 Burnet Avenue
Syracuse, New York 13203